930 F.2d 38
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James CARNEY, Petitioner,
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 90-3337.
 United States Court of Appeals, Federal Circuit.
 March 14, 1991.
 
 Before MARKEY, Circuit Judge, EDWARD S. SMITH, Senior Circuit Judge, and MAYER, Circuit Judge.
 DECISION
 EDWARD S. SMITH, Senior Circuit Judge.
 
 
 1
 James Carney ("Carney"), petitions this Court to review the arbitrator's decision regarding an agreement which settled petitioner's claims against the Veterans Administration ("VA") for wrongful termination. The arbitrator concluded that Carney's complaint involved a nongrievable issue. We conclude that we have no jurisdiction on one issue in this matter and affirm the arbitrator's decision on the remaining issue. AFFIRMED.
 
 Background
 
 2
 Carney is a war veteran who served three tours of duty in Vietnam. Carney was initially employed with the VA in the competitive service in November of 1978. He was removed from his position on May 22, 1986 following his receipt of a "30-Day Notice of Termination of Employment". Carney was terminated because he was absent without leave for an extended period. Evidently, Carney missed work because he was suffering from stress-related disorders resulting from his experience in Vietnam.
 
 
 3
 On August 12, 1987, a union representative filed an appeal out of time with the Merit Systems Protection Board ("MSPB") on Carney's behalf challenging his removal. On October 7, 1987, the MSPB acknowledged receipt of the petition by directing petitioner to show good cause for the delay or that the appeal was timely filed. On October 21, 1987, Carney filed a "Petition for Waiver of Time Limit and Request for Hearing" with the MSPB which asserted excuses for the delay. On November 24, 1987, the Administrative Judge dismissed the appeal to the MSPB because petitioner had not shown sufficient good cause for waiver of the time limit. The initial decision became final on December 29, 1987.
 
 
 4
 The VA and Carney executed a settlement agreement on December 11, 1987 which fully resolved the appeal which was currently pending before the MSPB. On December 20, 1987, the VA reinstated Carney to the full-time position that he had previously held pursuant to the settlement agreement. Despite restoration to his prior salary scale, Carney was not reinstated to his prior seniority level. Upon demand, the VA refused to reinstate Carney to his prior seniority level purportedly because the settlement agreement and the applicable regulation prohibited such a reinstatement. The arbitrator included in his decision an excerpt of the executed settlement agreement. That settlement agreement did not provide for seniority reinstatement.
 
 
 5
 On May 9, 1989, the Union filed a grievance on behalf of Carney, alleging that the settlement agreement provided for full reinstatement of seniority and employment, but full seniority was not restored. The arbitrator assigned to the case concluded that the grievance raised by Carney was not grievable under the collective bargaining agreement and applicable law. Because Carney was dissatisfied with the denial of his grievance, he petitions this Court to review the arbitrator's decision.
 
 Discussion
 
 6
 The Federal Circuit has "exclusive jurisdiction of an appeal from a final order or final decision of the Merit Systems Protection Board, pursuant to sections 7703(b)(1) and 7703(d) of title 5...."[1] Section 7703 of title 5 entitles an employee who is adversely affected by a decision of the MSPB to review by the Federal Circuit.[2] Section 7121(f) permits an employee to petition the Federal Circuit to review an arbitrator's decision consummated through negotiated grievance procedures in the same manner as if the MSPB had made the decision. However, to obtain such review, section 7121(f) requires that the challenged arbitrator's decision pertain to action in response to unacceptable performance under 5 U.S.C. Sec. 4303 or an adverse action for cause covered under 5 U.S.C. Sec. 7512.[3] Therefore, in order for this Court to have appellate jurisdiction over this case, the arbitrator's decision must regard performance-based action or adverse employment action taken by the Veterans Administration against the petitioner.
 
 
 7
 The arbitrator's decision related to two stipulated issues:
 
 
 8
 1. Has the Veterans Administration failed to fully comply with the Settlement Agreement dated December 11, 1987 ... by refusing to make the grievant, James Carney, whole for all lost wages and benefits resulting from his removal on May 22, 1986?
 
 
 9
 If so, what shall the remedy be?
 
 
 10
 2. Is this matter grievable under the collective bargaining agreement and applicable law?[4]
 
 
 11
 The first issue concerns VA's compliance with the settlement agreement. This issue does not involve unacceptable performance-based action or adverse employment action; instead, it involves contract compliance. Therefore, section 7121(f) does not authorize this Court to review this issue. Because Carney's petition does not concern performance-based action or adverse employment action as required under 5 U.S.C. Sec. 7121(f), proper review should have been taken seasonably to the Federal Labor Relations Authority under section 7122. We conclude that we do not have jurisdiction over this first issue.
 
 
 12
 Any action disputing the legitimacy of petitioner's removal on May 22, 1986 was settled by the agreement dated December 11, 1987. Furthermore, Carney waived his right to contest the legitimacy of his termination before this Court. Carney had filed an untimely request for an appeal hearing before the MSPB, and then failed to show good cause for the delay in filing the appeal. Appeal from the MSPB decision to this Court must be filed within 30 days after petitioner receives notice of dismissal of his appeal.[5] Hence, the period began running on December 29, 1987. Carney was extremely delinquent in filing his petition for appeal to this Court on April 25, 1990. Therefore, any appeal challenging the legitimacy of Carney's termination is forfeited.
 
 
 13
 As to the second issue, the arbitrator found that the matter raised by Carney was not grievable under the collective bargaining agreement and applicable law. Because petitioner does not assert any error factoring into this decision, the decision is affirmed.
 
 
 
 [1]
 28 U.S.C. Sec. 1295(a)(9) (1988)
 
 
 [2]
 5 U.S.C. Sec. 7703(a)-(b) (1988)
 
 
 [3]
 Actions covered by 5 U.S.C. Sec. 7512 include "(1) a removal; (2) a suspension for more than 14 days; (3) a reduction in grade; (4) a reduction in pay; and (5) a furlough of 30 days or less...."
 
 
 [4]
 Veterans Administration Medical Center v. Service Employees Int'l Union, Local 200-C, No. FMCS 89-18799 p. 2 (1990) (Newhouse, Arb.)
 
 
 [5]
 5 U.S.C. Sec. 7703(b)(1)